U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2005 JUN 23 P 2: 2

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

The Alphas Company, Inc.
and Eaton & Eustis Company

   v.                      Civil No. 04-cv-61-JD

Pauly Produce Company, Inc., et al.

O R D E R

The plaintiffs filed suit to recover payment for perishable produce sold to Pauly Produce Company, Inc., to impose liability on Paul Schlotter under the Perishable Agricultural Commodities Act ("PACA"), and to recover Pauly's assets, including PACA trust assets, from Joseph Sirois.  After the defendants' counsel withdrew, the court ordered Pauly Produce to appear by counsel and granted several extensions of time to do so.  Paul Schlotter, proceeding pro se, filed a motion to dismiss, and the court directed the defendants to address the notice requirement under PACA.  The defendants have filed their response.

I.   Representation

Pauly Produce was given an extension of time until June 17, 2005, to file an appearance of counsel on its behalf in this case.  No appearance has been filed.  Therefore, default will be entered as to Pauly Produce.

II. <u>Motion to Dismiss</u>

Schlotter moved to dismiss the plaintiffs' claims to PACA trust assets, asserting that the plaintiffs failed to satisfy the PACA notice requirement. The court reviews a motion to dismiss by "accepting as true the factual allegations of the complaint, construing all reasonable inferences therefrom in favor of the plaintiffs, and determining whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case." <u>Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.</u>, 405 F.3d 60, 64 (1st Cir. 2005) (internal quotation marks omitted).

"One of the purposes of PACA is to protect unpaid sellers of perishable agricultural commodities." <u>Overton Distribs., Inc. v. Heritage Bank</u>, 340 F.3d 361, 364 (6th Cir. 2003). In furtherance of that purpose, PACA provides "a statutory trust over any goods, receivables, or proceeds from perishable agricultural commodities until the buyer makes full payment." <u>Hiller Cranberry Prods., inc. v. Koplovsky</u>, 165 F.3d 1, 4-5 (1st Cir. 1999) (citing 7 U.S.C. § 499e(c)). To preserve their rights to PACA trust benefits, unpaid suppliers are required to provide written notice of their intent to seek PACA protection, as provided by statute and applicable regulations. <u>Id.</u> at 5. An unpaid supplier may meet the notice requirement either by providing written notice of

2

the supplier's intent to preserve the PACA trust within thirty calendar days after payment was due or by providing notice through the supplier's ordinary and usual billing invoices or statements.  7 U.S.C. §§ 499e(c)(3) & 499e(c)(4); Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 136 (3d cir. 2000).

In their supplemental objection to Schlotter's motion to dismiss, the plaintiffs point out that they alleged that they became beneficiaries of the PACA trust when they delivered produce to Pauly Produce and that each of them "duly preserved its status as a beneficiary of the Produce Trust and remains a beneficiary until payment in full is made for the Produce." Comp. ¶¶ 36, 37.  In addition, the plaintiffs have submitted copies of their billing invoices to Pauly Produce each of which includes a statement that the produce listed on the invoice is sold subject to a PACA trust claim in the language required by § 499e(c)(4).

Therefore, because the plaintiffs have alleged that they provided notice to the defendants, as required under § 499e(c)(4), the defendants' motion to dismiss due to lack of notice is denied.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 31) is denied. A default shall be entered against defendant Pauly Produce Company, Inc. Paul Schlotter shall file an answer to the plaintiffs' complaint within ten business days of the date of this order. Failure to file an answer within that time or to seek an extension of the filing date within that time will result in entry of default against him.

SO ORDERED.

                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

June 23, 2005

cc: Paul Schlotter, pro se
    Pauly Produce Company, Inc.
    Steven J. Bonnette, Esq.
    Jannette Lynn Mooney, Esq.
    Andrew M. Osborne, Esq.

4