**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>The Alphas Company, Inc. and
Eaton & Eustis Company</u>

    v.                                                                 Civil No. 04-cv-061-JD

<u>Pauly Produce Company, Inc.,
Joseph Sirois and Paul J. Schlotter</u>

### O R D E R

A Stipulation, Agreement and Order for Judgment have previously been entered resolving all claims against defendant Sirois. Defendants Pauly Produce Company, Inc. and Paul Schlotter have defaulted. The parties consented to my jurisdiction to decide the motion for assessment of damages.

### Background Facts

The action is a multi-count suit for damages under the Perishable Agricultural Act, 7 U.S.C. § 499a, <u>et</u>. <u>seq</u>. (hereinafter "PACA") by The Alphas Company, Inc. and Eaton & Eustis Company. The plaintiffs are licensed wholesalers of fruit and produce who provided defendants with product which defendants did not pay for and which they induced delivery of at a time when they knew they were insolvent and had no ability to pay for the goods.

Each of the defendants remaining have defaulted. Plaintiffs

are entitled to judgment against each defendant and have submitted evidence on damages for their respective deliveries of unpaid for goods, on their right to interest, on their damages under M.G.L.C. 93A and on their attorney's fees and costs.

1.  Damages For Unpaid For Goods

The Alphas Company, Inc. proved that it is entitled to $29,008.43 against defendant Pauly for goods unpaid for and is entitled to that sum under Count I (account stated), Count II (breach of contract) and Count III (unjust enrichment).  It is entitled to $29,008.43 against defendants Pauly and Schlotter under Count VII (PACA liability upon "responsibly connected persons").

Eaton & Eustis proved damages of $6,368.25 under Count IV (account stated), Count V (breach of contract) and Count VII (unjust enrichment), and against Pauly and Schlotter under Count VII (PACA liability upon "responsibly connected persons").[1]

2.  Interest and Attorneys Fees

Section 5(c) of the PACA, 7 U.S.C. § 499e(c) and the regulations require sufficient funds in trust to pay plaintiffs fully and timely.  Full payment is not received if plaintiffs

---

[1]Counts IX, X and XI have previously been resolved.

cannot recoup their legal fees and interest on the unpaid sums.

  a. <u>Attorneys Fees</u>

 Each party has submitted a complete statement of their respective fees and expenses, supported by affidavits detailing hourly rates, time expanded and tasks performed.  Given the expertise of counsel the court finds the rates requested to be reasonable.  Counsel's time was efficient and necessary and all entries are approved.

 The court finds that plaintiffs are entitled to recover fees of $27,729.53 and expenses of $1,202.13 for the services of Osborne and Visconti.  It further finds plaintiffs are entitled to recover fees of $20,023.00 and costs of $2,323.59 for the services of Jannette L. Mooney, PLLC.

 M.G.L.C. 231 § 6C permits recovery of interest at the higher of the statutory rate or the contract rate.  Since I find for both plaintiffs under the laws of Massachusetts, Alphas is entitled to interest at its contract rate of 1.5% (15%) per month and Eaton & Eustis is entitled to the statutory rate of twelve percent (12%) per annum.

  3. <u>M.G.L.C. 93A</u>

 Under M.G.L.C. 93A unfair and deceptive acts and practices

are prohibited.  Where violations are found the statute permits the court to double or triple the actual damages.

Here the evidence is clear that the conduct of both defendants was simply egregious.  Goods were ordered when they not only knew they did not intend to pay for them but when they knew that Pauly could not pay for them.  They transferred funds that rightfully should have been paid to plaintiffs to others.  They bounced checks, switched bank accounts and, in fact, Pauly had run a negative balance for a year.  Defendants' acts were willful.  I find plaintiffs are entitled to triple damages.

4.   Summary of Judgment

Judgment for plaintiffs as follows:

|                   | Alphas      | Eaton       | Total         |
|-------------------|-------------|-------------|---------------|
| Treble Damages    | $ 87,025.29 | $ 19,104.75 | $106,130.04   |
| Interest          | 10,772.65   | 1,396.61    | 17,169.26     |
| Atty., Fees, Costs| 23,723.60   | 5,208.07    | 28,931.66[2]  |
|                   | 18,232.92   | 4,022.67    | 22,346.59[3]  |

Plus per diem from 11/22/05 of $14.31 for Alphas and $2.09 for Eaton.

Totals before per diem    $140,492.07    $ 29,874.04    $169,577.55

---

[2]   
| Atty. | Fees        | Costs     |
|-------|-------------|-----------|
| AMD   | $27,729.53  | $1,202.13 |

[3]   
| Atty. | Fees        | Costs     |
|-------|-------------|-----------|
| JLM   | $20,023.00  | $2,323.59 |

Judgment for Alphas of $140,492.07 and of $29,874.04 for Eaton with per diem interest of $16.40 from November 22, 2005.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 14, 2005

cc:   Steven J. Bonnette, Esq.
      Jannette Lynn Mooney, Esq.
      Andrew M. Osborne, Esq.